COPPOLA v. GROSS.

(City Court of New York, General Term. February 28, 1901.)

CONVERSION—EXECUTION—MISTAKE.

On the 5th of June the plaintiff bought from her mother a dry-goods store located next door to a grocery store owned by her stepfather. The name on the sign was changed, and she conducted the business in her own name. On the 3d of July the defendant took and carried away her entire stock, of the value of $600, under an execution for $40.35 against her stepfather. *Held* sufficient to support a verdict of guilty of conversion.

Appeal from trial term.

Jennie Coppola against Max Gross, as one of the marshals of the city of New York. From a judgment entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Herbert J. Hindes, for appellant.
John Palmieri, for respondent.

CONLAN, J. The action was an alleged conversion by the defendant in seizing and disposing of plaintiff's property under an execution against a third party. The evidence, to our minds, is irresistible that the property of the defendant in the execution was not taken in satisfaction of the judgment. There are, as it appears, two stores upon the premises No. 311 West Forty-Fifth street, in the city of New York, with a hallway between them. The store on one side of this hallway was a dry-goods store, owned and carried on by the mother of the plaintiff; and the other a grocery store, carried on by the plaintiff's stepfather. The transactions which led up to the judgment on which the execution was issued were wholly within the grocery store. On the 5th day of June, 1899, the plaintiff bought the dry-goods store from her mother, and paid for it in cash, the consideration being $500, which sum the plaintiff drew out of a bank from an account kept in her own name. She received a bill of sale of the dry-goods store from her mother, and says she immediately caused the name in front of the store to be changed to her own name, and thereafter she conducted the business as her own. The levy under the execution was upon the 3d of July following. The case, upon all the evidence, was fairly submitted to the jury, and they appear to have determined all of the issues in the plaintiff's favor. The execution called for the collection of only $40.35, and it is inconceivable that the defendant should have thought it necessary to carry away a stock of goods amounting to nearly $600, and to have broken up the plaintiff's business, without first having set upon foot an inquiry that would have led him to a knowledge of the real situation. The charge was eminently fair to the defendant, and we are not inclined to interfere with the determination reached by the jury.

Judgment and order appealed from are therefore affirmed, with costs. All concur.